CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7478
      FAX: (415) 436-7234
      Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES IMMIGRATION AND<br><br>CUSTOMS ENFORCEMENT; UNITED<br><br>STATES CUSTOMS AND BORDER<br><br>PROTECTION,<br><br>      Defendants. | CASE NO. 3:26-CV-1145-LB<br><br>**ANSWER TO COMPLAINT**<br><br>Honorable Laurel Beeler<br>United States Magistrate Judge |

ANSWER TO COMPLAINT
3:26-CV-1145-LB                1

Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint filed on February 5, 2026 (ECF No. 1), by Plaintiff The Center for Investigative Reporting ("Plaintiff" or "CIR"). Defendants expressly deny any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (1) are correctly cited or quoted by Plaintiff; (2) are relevant to this, or any other, action; or (3) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

## I.    DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

### INTRODUCTION

1.    The allegations contained in Paragraph 1 constitute Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA") and its requested relief, to which no response is required. To the extent any response is required, Defendants admit that Plaintiff purports to bring this action under the FOIA and deny the remaining allegations of Paragraph 1.

2.    The allegations contained in Paragraph 2 consist of Plaintiff's characterization of its Complaint and requested relief under the FOIA, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the requests themselves for a complete and accurate statement of their contents and deny any allegations inconsistent with the text of the requests.

3.    This paragraph cites to allegations made in various unidentified "reports." Defendants respectfully refer the Court to the reports themselves for a complete and accurate statement of their contents. Plaintiff's characterization of the reports does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent any response is required, Defendants are without sufficient information to either admit or deny the allegations of Paragraph 3, and on that basis deny them.

4.    This paragraph consists of Plaintiff's characterization of requested records in a separate FOIA litigation, made by a separate FOIA requester, to which no response is required. To the extent a

ANSWER TO COMPLAINT

response is required, Defendants respectfully refer the Court to the requests themselves for a complete and accurate statement of their contents and deny any allegations inconsistent with the text of the requests.

5. The allegations contained in Paragraph 5 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of the FOIA, deny all allegations inconsistent therewith, and deny that Defendants are in violation of the FOIA.

6. The allegations contained in Paragraph 6 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of the FOIA, deny all allegations inconsistent therewith, and deny that Defendants are in violation of the FOIA.

7. This paragraph asserts Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief at all.

**JURISDICTION**

8. Paragraph 8 contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent any response is required, Defendants only admit that this Court has jurisdiction subject to the terms and limitations of the FOIA.

**VENUE AND INTRADISTRICT ASSIGNMENT**

9. Paragraph 9 contains Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent any response is required, Defendants admit that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and lack information sufficient to form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny.

10. Paragraph 10 contains Plaintiff's legal conclusions regarding assignment, to which no response is required. To the extent any response is required, Defendants lack information sufficient to form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny.

## PARTIES

11.     The allegations contained in Paragraph 11 consist of Plaintiff's factual assertions regarding their place of business, organizational structure and stated mission, to which no response is required. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and on that basis deny them.

12.     Defendants admit that ICE is an agency of the United States government. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it believes are within ICE's possession, to which no response is required. To the extent any response is required, Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 12, and on that basis deny them.

13.     Defendants admit that CBP is an agency of the United States government. The remaining portion of this paragraph consists of Plaintiff's characterization of the records it believes are within CBP's possession, to which no response is required. To the extent any response is required, Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 12, and on that basis deny them.

## BACKGROUND

**A.     ICE and CBP conduct deportation operations in major U.S. cities.**

14.     Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and on that basis deny them.

15.     Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, and on that basis deny them.

16.     To the extent a response is required, Defendants respectfully refer the Court to the article itself for a complete and accurate statement of its contents and deny any allegations inconsistent with the article.  Defendants deny all other allegations in this paragraph.

17.     This paragraph consists of Plaintiff's characterization of their own FOIA requests and their motive for making the request, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the requests themselves for a complete and accurate statement of their contents and deny any allegations inconsistent with the text of the requests.

**1.    Agents execute several operations in Los Angeles in mid-2025.**

18.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, and on that basis deny them. With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents.

19.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, and on that basis deny them. With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents.

20.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, and on that basis deny them. With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents.

**2.    In September 2025, agents raid an apartment building on the South Side of Chicago.**

21.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and on that basis deny them. With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents.

22.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and on that basis deny them.

23.    With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and on that basis deny them.

24.    Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and on that basis deny them.

25. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and on that basis deny them.

26. With respect to the court proceeding Plaintiff mentions, which is unrelated to this case, Defendants respectfully refer the Court to that court's decision and deny all allegations inconsistent therewith.

**B. The agencies frequently record their deportation activity to post promotional footage and to promote transparency into agency operations.**

27. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and on that basis deny them.

28. With respect to the ICE Directive 19010.3: Body Worn Camera, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

29. With respect to the ICE Directive 19010.3: Body Worn Camera, Defendants respectfully refer the Court to the document for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

30. With respect to the websites Plaintiff characterizes, Defendants respectfully refer the Court to the websites for full and accurate statements of their contents and deny all allegations inconsistent therewith. With respect to the court proceeding Plaintiff mentions, which is unrelated to this case, Defendants respectfully refer the Court to that court's decision and deny all allegations inconsistent therewith.

31. This paragraph contains characterizations of alleged conduct that are irrelevant to the claims for relief in this case. With respect to the website Plaintiff characterizes, Defendants respectfully refer the Court to the website for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

32. This paragraph contains characterizations of alleged conduct that are irrelevant to the claims for relief in this case. Defendants currently lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and on that basis deny them.

ANSWER TO COMPLAINT
3:26-CV-1145-LB                                              6

33. Defendants have been unable to locate the article Plaintiffs cite in this paragraph. As a result, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and on that basis deny them.

**C.    CIR requests public records from ICE and CBP relating to the Los Angeles and Chicago operations.**

**1.    CIR requests records relating to the Chicago raid.**

34. Defendants admit that Plaintiff submitted a FOIA request dated October 3, 2025 (assigned tracking number 2026-ICFO-00379). Defendants respectfully refer the Court to the text of the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

35. Defendant CBP admits that it acknowledged Plaintiff's October 3, 2025 FOIA request through a letter on or about October 6, 2025.

36. Defendant CBP admits that as of the date of the Complaint, it has not issued a final response regarding Plaintiff's October 3, 2025 FOIA request.

37. Defendant ICE admits that on December 1, 2025, Defendant ICE sent a letter acknowledging receipt of the October 3, 2025 FOIA request and assigned it tracking number 2026-ICFO-00379. On December 8, 2025, Defendant ICE sent a Final Letter Response to Plaintiff indicating the information being sought was under the purview of CBP and therefore, the request was being referred to the FOIA Officer at CBP for processing. Defendants respectfully refer the Court to the text of Plaintiff's FOIA requests for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

38. Defendant ICE denies the allegations contained in Paragraph 38, as it sent Plaintiff a Final Response Letter dated December 8, 2025, as referenced by Plaintiff in Paragraph 37 of the Complaint. Defendant ICE respectfully refers the Court to the December 8, 2025 email for a full and accurate statement of its contents and denies all allegations inconsistent therewith.

**2.    CIR Requests records relating to the Los Angeles operations.**

39. Defendants admit that Plaintiff submitted a FOIA request on December 3, 2025 (assigned tracking number 2026-ICFO-07106). Defendants respectfully refer the Court to the text of the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

ANSWER TO COMPLAINT
3:26-CV-1145-LB                                          7

40.     Defendant ICE admits it acknowledged Plaintiff's December 3, 2025 FOIA request by email dated December 29, 2025, and assigned it tracking number 2026-ICFO-07106. Defendant CBP received the December 3, 2025 FOIA request. Defendants respectfully refer the Court to the text of the request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

41.     Defendants admit that as of the date of the Complaint, they have not issued a final response regarding Plaintiff's December 3, 2025 FOIA request. Defendants deny any allegations that they have violated the FOIA.

<u>CAUSE OF ACTION</u>

**Count 1 – Declaratory and Injunctive Relief**

**(Violation of FOIA, 5 U.S.C. § 552)**

42.     Defendants reallege and incorporate by reference their responses to Paragraphs 1–41 above as though fully set forth herein.

43.     The allegations contained in Paragraph 43 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants admit that Plaintiff submitted FOIA requests to Defendants on or about October 3, 2025 and December 3, 2025. Defendants respectfully direct the Court to the provisions of the FOIA and deny all allegations inconsistent therewith.

44.     Defendants admit that they are agencies subject to the FOIA. The remaining allegations contained in Paragraph 44 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants respectfully direct the Court to the provisions of the FOIA and deny all allegations inconsistent therewith.

45.     The allegations contained in Paragraph 45 consist of Plaintiff's legal conclusions, to which no response is required. Defendants admit that no public records responsive to Plaintiff's FOIA requests have been produced to date.

46.     The allegations contained in Paragraph 46 consist of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 46.

**PLAINTIFF'S PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent these paragraphs are deemed to contain factual allegations, Defendants deny those allegations and deny that Plaintiff is entitled to any relief.

Defendants deny allegations contained in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE OR OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The information that Defendants have withheld or will withhold in response to Plaintiff's FOIA request may be exempt in whole or part from public disclosure under the FOIA, 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

**FOURTH AFFIRMATIVE DEFENSE**

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and are invalid to the extent they would be unduly burdensome to process.  The FOIA requests, or subparts thereto, are also invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by the FOIA.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not alleged sufficient factual and/or legal bases for its request for attorneys' fees and/or costs.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

\* \* \* \* \*

ANSWER TO COMPLAINT
3:26-CV-1145-LB                                    9

Defendants reserve the right to assert additional affirmative defenses if such affirmative defenses become appropriate.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by its Complaint;

2. The Complaint be dismissed with prejudice;

3. Judgment be entered in favor of Defendants;

4. Defendants be awarded their costs of suit;

5. The Court award such other and further relief as it may deem proper.

Date:   May 13, 2026                          Respectfully submitted,

                                              CRAIG MISSAKIAN
                                              United States Attorney

                                      By:    _/s/ Nag Young Chu_
                                              NAG YOUNG CHU
                                              Assistant United States Attorney

                                              Attorneys for Defendants

ANSWER TO COMPLAINT
3:26-CV-1145-LB                          10