CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-7234
    Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>    Defendants. | CASE NO. 3:26-CV-1145-LB<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Hon. Laurel Beeler<br>United States Magistrate Judge<br><br>Date: July 9, 2026<br>Time: 11:00 a.m.<br>Location: Videoconference (Zoom) |

JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB                    1

Plaintiff The Center for Investigative Reporting ("CIR") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"; together with Plaintiffs, the "Parties") respectfully submit this Joint Initial Case Management Statement. As indicated below, the Parties respectfully request that the Court continue the Case Management Conference to **August 13, 2026**, and order the parties to submit a status update on this case by **August 3, 2026**.

### 1.    Jurisdiction and Service

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). *See* ECF No. 1 ("Compl."). This Court has jurisdiction under 28 U.S.C. § 1331. All parties have been served. Defendants have answered Plaintiff's Complaint. *See* Dkt. 21 ("Ans."). There are no issues pertaining to personal jurisdiction, venue, or service.

### 2.    Facts

This action arises out of three FOIA requests (the "Requests") submitted by Plaintiff to Defendants. The Requests sought certain recordings from Defendants' operations in Chicago and Los Angeles in October and December 2025. *See* Compl. ¶¶ 2-3 & Exs. 1, 2, 3, 4. Defendants acknowledge receiving the Requests. *See generally* Ans.

The Parties have initiated discussions to determine whether this dispute can be resolved through a prompt search and orderly production of responsive documents based on an agreed-upon production schedule.

### 3.    Legal Issues

The legal issues in this matter include the timeliness, scope, and nature of Defendants' search for and production of records responsive to Plaintiff's FOIA requests, whether Defendants have met their obligations to Plaintiff under FOIA, and whether Plaintiff is entitled to an award of attorneys' fees and litigation costs. The Parties will continue to work in good faith to attempt to resolve Plaintiff's claims without intervention from the Court.

### 4.    Motions

There are no prior or pending motions. If the Parties do not resolve Plaintiff's claims, they anticipate filing cross-motions for summary judgment. *See Sakamoto v. EPA*, 443 F. Supp. 2d 1182, 1188

(N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."). If the Parties must file cross-motions for summary judgment, they will meet and confer regarding a proposed briefing schedule for such motions.

**5.      Amendment of Pleadings**

The Parties currently do not anticipate amendment of pleadings in this matter.

**6.      Evidence Preservation**

The Parties have met and conferred under Rule 26 of the Federal Rules of Civil Procedure, and they have agreed to take reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this case. The Parties do not believe at this time that this case raises significant e-discovery issues.

**7.      Disclosures**

The Parties agree that initial disclosures are not necessary because this is a FOIA action.

**8.      Discovery**

At this time, the Parties do not anticipate conducting discovery because this is a FOIA action. No discovery has been taken by either Plaintiff or Defendants.

**9.      Class Actions**

This lawsuit is not a class action.

**10.      Related Cases**

The Parties are unaware of any related cases before another judge of this Court.

**11.      Relief**

Plaintiff seeks declaratory relief; a full, adequate and expedited search and production of the requested records to Plaintiff; reasonable costs and attorneys' fees; and such further relief as the Court deems just and proper. Defendants seek a complete defense judgment and dismissal.

**12.      Settlement and ADR**

The Parties are amenable to a settlement conference with a magistrate judge at an appropriate time, but do not believe that the matter is ripe for ADR at this time. The Parties have filed their ADR certification. The Parties will reassess once Defendants determine they have fully responded to the FOIA

JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB                                3

requests, or if the Parties otherwise determine they have reached an impasse in this litigation. The Parties will continue to meet and confer regarding potential settlement.

**13.    Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The Parties have met and conferred to narrow the issues in dispute, and they will continue to do so. If necessary, the Parties may narrow any issues by stipulation.

**15.    Scheduling**

The Parties anticipate that this matter can ultimately be resolved through a negotiated settlement or, if necessary, by cross-motions for summary judgment. The Parties submit, however, that setting a further case schedule is premature at the time of the filing of this Joint Case Management Statement. The Parties are currently negotiating the scope of Defendants' searches and the timing of any productions therefrom.

In light of the foregoing, the Parties respectfully request that the Court continue the Case Management Conference to **August 13, 2026**. In advance of that Conference, the Parties will continue to meet and confer further regarding production schedules for the documents responsive to the Requests. The Parties also request that they be ordered to submit a Joint Status Report to the Court, by **August 3, 2026**, advising the Court of the status of Defendants' processing of the Requests and the Parties' proposed next steps at that time.

**16.    Trial**

The Parties do not anticipate needing a trial to resolve this FOIA action. The Parties anticipate this matter will be resolved through mutual negotiations or, if required, on cross-motions for summary judgment.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Defendants are not required to file a Certification of Interested Entities or Persons under Civil L.R. 3-15. Plaintiff has filed a Certification of Interested Entities or Persons indicating that there are no interest or conflicts to report. *See* Dkt. 3.

JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB                                                4

**18.    Professional Conduct**

Counsel for the Parties have reviewed the "Guidelines for Professional Conduct."

**19.    Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition**

The Parties have agreed to accept service of correspondence and productions electronically.

As indicated above, the Parties respectfully request that the Court continue the Case Management Conference to **August 13, 2026** and order the Parties to submit a Joint Status Report no later than **August 3, 2026**.


Date:                                                Respectfully submitted,

                                                     CRAIG MISSAKIAN
                                                     United States Attorney

                                        By:      __/s/ Nag Young Chu_____
                                                     NAG YOUNG CHU
                                                     Assistant United States Attorney

                                                     Attorneys for Defendant


Date:

                                                     **/s/ Matthew S.L. Cate_____
                                                     MATTHEW S.L. CATE
                                                     LAW OFFICE OF MATTHEW S.L. CATE
                                                     Attorneys for Plaintiff

                                                     ** In accordance with Civ. L.-R. 5-1(i)(3), the filer
                                                         of this document attests that this signatory
                                                         concurs in the filing of this document.