CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102-3495
 Telephone: (415) 436-7478
 FAX: (415) 436-7234
 Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>   Defendants. | CASE NO. 3:26-CV-1145-LB<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Laurel Beeler<br><br>Date: August 13, 2026<br>Time: 11:00 a.m.<br>Location: Videoconference |

Plaintiff The Center for Investigative Reporting ("CIR") and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"; together with Plaintiffs, the "Parties") jointly submit this Updated Joint Case Management Statement to report on progress or changes since their last statement (ECF No. 24) was filed.

**1. Updated Facts**

Defendants are diligently searching for records that are potentially responsive to the requests submitted by Plaintiff under the Freedom of Information Act ("FOIA") and processing those records to respond to those FOIA requests. Specifically, ICE has completed its search of potentially responsive

UPDATED JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB         1

records and its FOIA office is currently processing those records.  CBP is also nearing completion of its search of records that are potentially responsive to the FOIA requests and is currently working to ensure that all potentially relevant materials are collected for processing.  Defendants expect to eventually release records in response to the FOIA requests on a rolling basis.

**2.    Scheduling**

Defendants' Position:

Given the volume of records that are relevant to the FOIA requests and its continuing efforts to respond to the FOIA requests, Defendants believe it would be premature to set a briefing schedule for cross-motions for summary judgment at this time.  Rather than setting a summary judgment deadline at this time, Defendants respectfully suggest that the Court order the parties to submit a further status report on October 5, 2026.

Plaintiff's Position:

Plaintiff submitted the FOIA requests at issue in this case in October 2025 and December 2025, and commenced this action on February 5, 2026. *See* Compl. & ¶¶ 34–41. The FOIA required the agencies to make a determination regarding "whether to comply with" those FOIA requests within 20 business days. *See* 5 U.S.C. § 522(a)(6)(A)(i). The Defendants, however, have not provided the determination required by law and will not agree with Plaintiff to commit to an estimated date for doing so.

Plaintiff therefore requests that the Court order the Parties to submit a further update by September 11, 2026, and requiring that update to advise the Court whether Defendants' have made a final determination about "whether to comply" with the Requests as provided by 5 U.S.C. § 522(a)(6)(A)(i) and, if not, (1) an estimate of when the defendants expect a final determination to be made and issued, (2) a proposed schedule for production of responsive, nonexempt records, and, if appropriate, (3) a proposed schedule for the filing of dispositive motions.

A similar level of commitment to providing such information needed to move a FOIA case forward with the promptness envisioned by that law is routinely provided in FOIA cases—early on and on a much more expeditious timeframe (*e.g.*, 14 days from a defendant's answer)—including in cases recently filed actions involving these Defendants. *See, e.g.*, *Dark Mode, LLC v. U.S. Immigration &*

UPDATED JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB                                                2

*Customs Enforcement*, No. 25-cv-3357(APM) (D.D.C.) (Dkt. No. 10) (Civil Standing Order requiring parties to submit report, within two weeks of agency's December 30-filed answer, identifying "(1) the status of Plaintiff's FOIA request; (2) the anticipated number of documents responsive to Plaintiff's FOIA request; (3) the anticipated date(s) for release of the documents requested by Plaintiff; (4) whether a motion for a stay is likely under [*Open America*]; and (5) whether the parties anticipate summary judgment briefing and, if so, a proposed briefing schedule) (available at https://storage.courtlistener .com/recap/gov.uscourts.dcd.285136/gov.uscourts.dcd.285136.10.0.pdf).

Defendants have stated that they cannot commit to a timeframe to complete the processing and disclosure of all nonexempt records—or even commit to committing 30 days from now—based the unspecified volume of potentially responsive records that need to be reviewed, ongoing search efforts, a backlog of FOIA matters, and the prioritization of "court-ordered productions." Notwithstanding those same type of concerns, however, ICE, at least, has been able to provide detailed updates in cases filed approximately at the same time as this matter. *See Guardian News & Media LLC v. U.S. ICE*, No. 26-cv-00944-ACR (DDC) (Apr. 27, 2026 Minute Order & Dkt. No. 9) (available at https://www.courtlistener.com/docket/72510248/guardian-news-media-llc-v-us-immigration-and-customs-enforcement/). And in a case involving these very parties (over FOIA requests unrelated to those at issue here), the Court recently ordered ICE and CBP, within a month's time, to provide a joint statement confirming "whether it has completed its search, propose a production schedule, and, if appropriate, propose a dispositive motion schedule." *See CIR v. U.S. Immigration & Customs Enforcement*, No. 3:26-cv-02414-RFL (N.D. Cal. July 16, 2026). The Court should enter a similar order in this case and thereby require the parties to advise the Court, by September 11, 2026, whether Defendants have made and issued a final determination about "whether to comply" with Plaintiff's FOIA requests as provided by the FOIA, and, if not, to provide the Court (1) an estimate of when each agency expects a final determination to be made and issued to Plaintiff, (2) a proposed schedule for production of responsive, nonexempt records, and, if appropriate, (3) a proposed schedule for the filing of dispositive motions.

Date: August 6,2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By:     _/s/ Nag Young Chu_
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for Defendants

Date: August 6, 2026

**/s/ Matthew S.L. Cate_
MATTHEW S.L. CATE
LAW OFFICE OF MATTHEW S.L. CATE
Attorney for Plaintiff

** In accordance with Civ. L.-R. 5-1(i)(3), the filer
of this document attests that this signatory
concurs in the filing of this document.

UPDATED JOINT CASE MANAGEMENT STATEMENT
3:26-CV-1145-LB                              4